IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3129-BO

MALCOLM WRIGHT, )
      Plaintiff, )
)
v. ) O R D E R
)
BOYD BENNETT, et al., )
      Defendants. )

FILED
AUG 0 4 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Plaintiff, a state inmate, filed a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is a motion for summary judgment filed by all defendants, Boyd Bennett, Betty Pope, Gerald Branker, Betty Brown, and Jackie Parker (D.E. # 31). Plaintiff has responded (D.E. # 34) and the matter is ripe for determination. Furthermore, plaintiff has filed a motion requesting to submit exhibits (D.E. # 36) which is allowed and considered. Plaintiff has filed a motion for an extension of time to amend to add documents (D.E. # 37) and a motion seeking an emergency injunction (D.E. # 38). These motions are likewise ripe for determination.

Plaintiff has filed this suit alleging violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. Plaintiff seeks declaratory and injunctive relief, specifically enforcement of RLUIPA and a directive to the DOC that they provide plaintiff with a special diet and allow him to practice his declared religion. Plaintiff declared his religion as Judaism. Construing his complaint liberally, he complains that defendants have denied him a kosher diet and a kosher diet that is vegan ("kosher/vegan").

Defendant Jackie Parker is the Chief of Food and Nutrition Management for the Department of Correction. She has held this position since 2006 and has over 18 years

experience as a registered dietician. (Mem. in Supp. of Mot. for Summ. J., Parker Aff. ¶ 1; Ex. A) In this position, Parker is responsible for the oversight of food and nutrition services for inmates at all DOC facilities, including oversight of the food budget. (Id., Parker Aff. ¶ 2; Ex. A) She is familiar with all North Carolina Division of Prisons Food and Nutrition Management Policies and Procedures, including Section 800 *Religious Menus.* (Id., Parker Aff. ¶ 3; Ex. B) The policy states inmates of the Rastafarian, Hindu, and Buddhist faiths may receive a vegan diet. (Id.) Regardless of religious affiliation, all inmates may receive a non-meat entree at any meal. (Id.) No kosher option is available. (Id.)

"Kosher dietary laws disallow consuming certain animals, fowl, and fish, most insects, and any shellfish or reptile. In addition, kosher species of meat and foul must be slaughtered in a prescribed manner, and meat and dairy products may not be manufactured or prepared and consumed together." (Id., Parker Aff. ¶ 4)

As stated above, plaintiff has declared his religion to be Jewish and requests both a kosher diet and a kosher/vegan diet. (Id., Parker Aff. ¶ 5) In June 2008, DOC began providing plaintiff meals written by DOC Food Nutrition Management, which was "a kosher diet appropriate for the Jewish faith." (Id.) DOC staff purchased any necessary foods from local retailers not ordinarily stocked by DOC. (Id.) The diet was formulated to provide adequate calories and nutrients for plaintiff. (Id.)

Plaintiff complained the diet was not certified kosher. (Id., Parker Aff. ¶ 6) He requested pre-packaged kosher meals containing kosher certification from the Orthodox Union ("OU"). (Id.) In February 2009, DOC began purchasing and providing plaintiff with such pre-packaged OU certified kosher meals. (Id.) The meals were purchased from an outside vendor,

2

Glieberman's Food Mart ("Glieberman's") in Charlotte, North Carolina. (Id., Parker Aff. ¶ 8) An employee of Glieberman's transports plaintiff's meals from Charlotte to Central Prison in Raleigh. (Id.)

The pre-packaged kosher meals include an entree and two side dishes. (Id., Parker Aff. ¶ 9.) They are cooked by DOC in a microwave dedicated to this purpose. Plaintiff is also currently provided cereal, soy milk, breads, juice, fruit and two cans of nutritional supplements daily. All meals plaintiff receives are appropriate for a Jewish kosher diet. (Id., Parker Aff. ¶ 6.) In January 2010, "plaintiff was receiving an average of 2389 calories a day and his weight was 156 pounds, 98% of his ideal body weight." (Id., Parker Aff. ¶ 7)

There are kosher/vegan items available at Glieberman's; however, there are no kosher/vegan meals, containing an entree and sides. (Id., Parker Aff. ¶10) To provide an entirely kosher/vegan menu would require the purchase of numerous items for each meal from the outside vendor. (Id.) According to Parker's affidavit, this would "drastically increase the number of items purchased, cost of each meal, shipping costs, and storage costs." (Id.) "To purchase the kosher/vegan items for plaintiff would be prohibitively expensive and still would not allow plaintiff to receive adequate nutrition without further supplementation." (Id., Parker Aff. ¶ 11) "To prepare the kosher/vegan meals at Central Prison would require additional time and staff for food preparation, as well as the additional cost of constructing and maintaining a kosher kitchen to prepare the kosher/vegan items." (Id., Parker Aff. ¶ 12)

Parker further states that "[s]pecial treatment of one prisoner to this degree would generate unrest among other prisoners and create a security risk at Central Prison." (Id., Parker Aff. ¶ 13) "Based on defendant Parker's education and training, it is her opinion that

3

kosher/vegan meals cannot feasibly be provided to plaintiff due to health, security, administrative, and cost concerns." (Id., Parker Aff. ¶ 14)

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-87.

To begin, defendants' argue that plaintiff's claim seeking a kosher diet is moot. Plaintiff seeks declaratory and injunctive relief. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come." Powell v. McCormack, 395 U.S. 486, 496 (1969). The Fourth Circuit has consistently held that when a prisoner is no longer subject to the alleged unconstitutional condition, the claim is moot. See Rendelman v. Rouse, 569 F.3d 182, 186-188 (4th Cir. 2009); Towns v. Jarvis, 577 F.3d 543, 549 n.3 (4th Cir. 2009); Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987); and

4

Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (a prisoner's transfer mooted a request for declaratory and injunctive relief but not a request for monetary damages).

Furthermore, in cases where defendants voluntarily discontinue challenged activities in order to render the challenge moot, they must satisfactorily demonstrate (1) that there is "no reasonable expectation" the alleged violation will reoccur; and (2) that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." County of Los Angeles v. Davis, 440 U.S. 625, 633 (1979). A defendant asserting mootness by voluntary cessation of conduct bears a heavy burden. Id.

Jackie Parker's affidavit shows plaintiff has been, and is currently, receiving a kosher diet provided by the DOC. To satisfy the request by plaintiff, DOC has taken considerable steps to provide a kosher meal for plaintiff. Furthermore, the DOC has complied with his specific request for an OU certified kosher meal. DOC has been providing the kosher meals since June 2008 which predates the filing of this suit in October of 2008. Nothing before the court suggests the DOC will halt providing OU certified kosher meals to plaintiff. Therefore, construing plaintiff's claims liberally, if he makes one to be provided with a kosher meal, the claim does not present a live case or controversy and is moot.

As for the kosher/vegan meal request, plaintiff is not receiving this specific request. RLUIPA prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate "that imposition of the burden on that person - - (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2). In establishing a claim under RLUIPA, the plaintiff bears the initial burden of

5

showing (1) that he seeks to engage in an exercise of religion, and (2) that the challenged practice substantially burdens that exercise of religion. 42 U.S.C. § 2000cc-2(b). Once the plaintiff establishes this prima facie case, the defendants "bear the burden of persuasion on any [other] element of the claim," in particular whether their practice "is the least restrictive means of furthering a compelling governmental interest." Id.; Smith v. Ozmint, 578 F.3d 246, 250 (4th Cir. 2009); and Lovelace v. Lee, 472 F.3d 174, 186 (4th Cir. 2006).

A court must give due deference to the experience and expertise of prison officials and may not substitute its judgment in their place, unless the inmate proves by substantial evidence that officials have exaggerated their response to the security considerations. Van Wyhe v. Reisch, 581 F.3d 639, 650 (8th Cir. 2009); Hoevenaar v. Lazaroff, 422 F.3d 366, 371 (6th Cir. 2005); and Murphy v. Mo. Dept. of Corr., 372 F.3d 979, 987 (8th Cir. 2004).

In the case at hand, without deciding, the court shall assume plaintiff has met the prima facia case in establishing a claim under RLUIPA.[1] However, the government has shown it is using the least restrictive means of furthering several compelling governmental interest: health, security, administrative, and cost concerns. The detailed affidavit of Jackie Parker goes step by step through the process by which the DOC has evaluated the purchase of a vegan kosher meal for plaintiff. It explains the necessity of purchasing a pre-packaged kosher meal as opposed to individual items which would fall short of the necessary nutritional and caloric intake for

---

[1] "We may 'not judge the significance of the particular belief or practice in question.' Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006). Indeed, 'religious exercise' is defined to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.' 42 U.S.C. § 2000cc-5(7)" Smith v. Ozmmint, 578 F.3d 246, 251 (4th Cir. 2009).

6

plaintiff, would require additional time to make the meal, and would drastically increase the number of items purchased, cost of each meal, shipping costs, and storage costs. Ms. Parker also explains that providing vegan kosher meals would require additional time and staff for food preparation, as well as the additional cost of constructing and maintaining a kosher kitchen to prepare the kosher/vegan items, and would generate unrest among other prisoners and create a security risk at Central Prison. Defendants' motion for summary judgment is granted.

Accordingly, plaintiff's motion requesting to submit exhibits (D.E. # 36) is ALLOWED and considered. Defendants' motion for summary judgment (D.E. # 31) is GRANTED and the case is CLOSED. Having so determined all other pending motions (D.E. ## 37 and # 38) are DENIED as MOOT.

SO ORDERED, this 7 day of August 2010.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE